

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. W. Cox
State Health Officer
Texas State Board of Health
Austin (2) Texas

Dear Sir:

Opinion No. O-6049

Re: Can Texas State Health Department purchase used automotive equipment turned in by some other State department to the Board of Control for disposal?

We have received your recent communication and quote from same as follows:

"It is respectfully requested that you give us your opinion as to whether or not it is legally possible for the Texas State Health Department to purchase and pay for used Automotive Equipment turned in by some other State Department for disposal, and presumably not officially usable by that department."

We presume that such property mentioned by you was turned in to the State Board of Control for disposal under the terms and provisions of Article 666, V. A. C. S.

Said Article 666 reads as follows:

"All property belonging to the state, regardless of where it is located, under the control of any department, commission, board, or other state agency, with the exception of state eleemosynary institutions, colleges, and institutions of higher learning, when it shall become unfit for use, or shall be no longer needed, shall be placed under the jurisdiction of the Board of Control, and the Board of Control shall sell such property after advertising it not less than four (4) days in a newspaper in the county wherein the property is situated.

Honorable Geo. W. Cox, p. 2

Provided, however, that if no newspaper is
published in the county wherein the property is
situated, notice of said sale setting out the
time and place of sale and the property to be
sold shall be posted in three (3) public
places, one being in the court house in the
county wherein the property is situated. Pro-
vided, however, that if the value of such per-
sonal property is less than One Hundred ($100.00)
Dollars and not sufficient to justify the cost
of advertisement in newspapers as outlined above,
the Board of Control may sell such property in any
manner that it deems for the best interest of the
state. The money from the sale of such property,
less the expense of advertising the sale, shall
be deposited in the State Treasury to the credit
of the General Revenue Fund. And provided further,
that any property placed in the hands of the Board
of Control, as outlined herein, may be transferred
by the Board of Control to any department, commission,
board of state agency in need of same, and the
debit and credit shall be made on the basis that
such property can be purchased in the market at the
time of the transfer, if a market exists, and if not,
at its actual or intrinsic value as set by the
Board of Control. The Board of Control shall
make a written report to the Comptroller after
each sale. The report shall include the fol-
lowing items:

"1. Name of the newspaper and the date of
advertisement of notice of sale; or if posted,
the date and place of posting.

"2. Each article received.

"3. The price for which each article was sold.

"4. The name and address of the person to whom
each article was sold.

"'This report shall be signed by the Board of
Control and a member of the department, commission,
board or state agency having control of the property
before sale.'"

Honorable Geo. W. Cox, p. 3


　　　　You request our opinion as to whether or not it is legally possible for the Texas State Health Department to purchase and pay for used automotive equipment turned in by some other State department. The statute quoted above provides for two methods by which the Board of Control may dispose of such property. It calls one method a "sale" and the other, a "transfer". It is our opinion that the transfer of such property, as provided in said Article, amounts to a sale, in that the receiving State department acquires the title to and the possession of the property, and the value thereof as set by the Board of Control is debited against the department's current appropriation. The General Fund would receive credit in said amount, in that the particular appropriation against the General Fund would be reduced accordingly.

　　　　"A transfer is an act or transaction by which property of one person is by him vested in another. This, without the use of some qualifying word, is the legal meaning of the term. Pearre v. Hawkins, 62 Tex. 434, 437, citing Abb. Dict.; Bour. Dict.; Webst. Dict."

　　　　Words and Phrases, Vol. 42, page 292.

　　　　The Legislature, in providing for a "transfer" of such property from one State department to another, and providing for the credits and debits, evidently did so for the purpose of eliminating a double transaction and the added expense and time involved in all those cases that might arise where one State department places in the Board of Control certain property that it no longer needs and another State department requests the Board of Control to purchase for it, property of the same kind and character. If the so-called "transfer" was not provided for, the Board in such cases, would have to advertise the property for sale, hold the sale, place the title in the purchaser, receive the purchase price, report the sale to the Comptroller, and have the purchase price less the expense of advertising the sale deposited in the State Treasury to the credit of the General Fund. The Board of Control would then have to go upon the open market and purchase the same or like property for the State department desiring same. This would amount to a useless expenditure of both time and money.

　　　　You are therefore advised that in the event the property to be transferred is such property as can be legally purchased by the State Board of Health under the Appropriation Act, and the State Board of Health has an unexpended balance in the

Honorable Geo. W. Cox, p. 4


specific appropriation which authorizes the purchase of such property, equal to or greater than the value of such property as set by the State Board of Control, that the Texas State Board of Health may acquire from the Board of Control the automotive equipment by having the Board of Control transfer such property to it as provided by said Article 666. The specific appropriation authorizing the purchase of such property would then be debited with the value thereof, as set by the Board of Control, and the General Fund would then automatically receive credit in a like amount.

Trusting that the above fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG:bb